**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
**RENO, NEVADA**

| | |
|---|---|
| INTERNATIONAL MILLENIUM MINING CORP., a corporation, | 3:08-CV-00030-ECR-RAM |
| Plaintiff, | |
| vs. | **Order** |
| PAUL MCMAHON, EXECUTOR OF THE ESTATE OF NADEAN YOVONNE BEDFORD, aka NADEAN YVONNE BEDFORD, aka NADEAN Y. BEDFORD; KIMI DIAZ, an individual; DOES 1-5; and BLACK CORPORATIONS 1-5, | |
| Defendants. | |
| KIMI DIAZ, | |
| Cross/Counter-Plaintiff | |
| vs. | |
| INTERNATIONAL MILLENIUM MINING CORP., a corporation; PAUL MCMAHON, EXECUTOR OF THE ESTATE OF NADEAN YOVONNE BEDFORD, aka NADEAN YVONNE BEDFORD, aka NADEAN Y. BEDFORD; DOES 1-5; and BLACK CORPORATIONS 1-5, | |
| Cross/Counter-Defendants. | |
| ESTATE OF BEDFORD, | |
| Cross-Plaintiff, | |
| vs. | |
| KIMI DIAZ, | |
| Cross-Defendant. | |

Now pending is the "Motion to Dismiss and for Sanctions" (#20) filed by Defendant Kimi Diaz ("Diaz"). Diaz seeks dismissal of the various claims asserted against her by Plaintiff International Millenium Mining Corp. ("IMMC"), as well as the cross-claim for indemnity asserted by Defendant Paul McMahon, Executor of the Estate of Nadean Yovonne Bedford, aka Nadean Yvonne Bedford, aka Nadean Y. Bedford ("the Estate"). Diaz has withdrawn her motion for sanctions pursuant to Fed. R. Civ. P. 11, conceding that she failed to comply with the requirements of Rule 11(c)(2). She requests, however, that sanctions be imposed "on the Court's own initiative" or based on Diaz's counterclaims for abuse of process and malicious prosecution. (Reply at 6-7 (#25).)

For the reasons stated below, Diaz's motion (#20) will be granted in part and denied in part.

## I. Background

This suit was brought by IMMC to protect its interests in certain mining claims located in Mineral County, Nevada. (Complaint ¶ 7 (#1).) These mining claims were owned by Nadean Bedford and are now owned by her Estate. (Id. ¶ 8.) Diaz is one of the beneficiaries of the Estate. (Id. ¶ 9.) On December 15, 2004, IMMC entered into a contract with Bedford that gave IMMC an exclusive option to purchase the mining claims for $900,000.00, payable on a schedule of $3000.00 per month. (Id. ¶ 12.) IMMC alleges that Defendants — generally without specifying which of the Defendants — have engaged in conduct that has interfered with IMMC's contractual rights. In particular, IMMC alleges that Defendants have attempted

2

to sell or otherwise transfer or encumber the mining claims to third parties in violation of IMMC's contractual right to an exclusive option to purchase the mining claims.  (Id. ¶ 13.)  Further, Defendants have allegedly made false statements to third parties regarding the Estate's rights in the mining claims, failing to disclose the contract with IMMC to those third parties.  (Id. ¶¶ 17-19.)

IMMC's complaint (#1) was filed on January 16, 2008.  The complaint asserts ten claims for relief: (1) breach of contract; (2) fraud; (3) negligence; (4) misrepresentation; (5) breach of the covenant of good faith and fair dealing; (6) deceptive trade practice; (7) racketeering; (8) interference with contracts; (9) interference with prospective economic advantages; and (10) conspiracy.  The Estate filed its answer and crossclaim (#4) on April 7, 2008.  The Estate alleges that if IMMC suffered any damages, it is because of actions taken by Diaz; the Estate asserts a right to complete indemnity on that basis.  (Answer ¶ 100 (#4).)  On May 15, 2008, Diaz answered (#8) IMMC's complaint (#1), asserting a crossclaim for indemnity against the Estate and counterclaims for malicious prosecution and abuse of process against IMMC.

Diaz's motion to dismiss (#20), filed on September 19, 2008, seeks dismissal of IMMC's complaint and the Estate's crossclaim pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  IMMC opposed (#21) the motion and Diaz replied (#25).

//
//
//

3

## II. Subject Matter Jurisdiction

Diaz asserts that the Court does not have subject matter jurisdiction. Though she makes several arguments, we need only address those relating to diversity jurisdiction, and in particular the amount in controversy requirement. For the reasons stated below, we conclude that we have subject matter jurisdiction.

### A. Standard

The plaintiff bears the burden of establishing that this Court has personal and subject matter jurisdiction over the defendant. See Mattel, Inc. v. Greiner & Hausser GmbH, 354 F.3d 857, 862 (9th Cir. 2003). A motion to dismiss for lack of jurisdiction may attack the sufficiency of the complaint, or it may be made as a "speaking motion" attacking the existence of jurisdiction as a matter of fact. Thornhill Publ'g. Co., Inc. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979). Here, Diaz has launched a facial attack on the sufficiency of the complaint because she does not present any affidavits or other evidence. See Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004); Savage v. Glendale Union High School, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003).

The non-moving party "need only make a prima facie showing of jurisdiction to survive the motion to dismiss." Mattel, 354 F.3d at 862. The non-moving party's version of any contested facts must be taken as true. Rhoades v. Avon Prods., Inc., 504 F.3d 1151, 1160 (9th Cir. 2007). Where the amount in controversy is at issue, "[t]o justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." Crum v. Circus Circus Enters., 231 F.3d 1129, 1131 (9th Cir. 2000) (internal

4

quotation marks omitted). Thus, because the burden of proof to establish jurisdiction lies with the plaintiff, IMCC must show that it does not appear to a legal certainty that its claims are for less than the required amount. United States v. S. Pac. Transp. Co., 543 F.2d 676, 682 (9th Cir. 1976).[1]

B. Analysis

Diaz argues that IMMC has failed to show that we have diversity jurisdiction over this action. Under 28 U.S.C. § 1332, a district court has jurisdiction when the matter in controversy exceeds $75,000 and the parties are in complete diversity. Diaz does not challenge the diversity of the parties' citizenship, and it appears from the face of the complaint that there is complete diversity. Rather, Diaz argues that the amount in controversy is less than $75,000.

Generally, the sum claimed by the plaintiff in the pleadings controls the amount in controversy inquiry, so long as the claim is made in good faith. See Crum, 231 F.3d at 1131 (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938)). Here,

---

[1] It is worth noting that Diaz's understanding of the burden of proof is apparently different, though her motion is not a model of clarity in this regard. In any case, her argument is based on cases where the action has been removed from state court, rather than filed initially in federal court. (See Motion at 4 (#20) (citing Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).) In Sanchez and other such cases, the Ninth Circuit required the removing defendants to prove the amount in controversy by a preponderance of the evidence. See Sanchez, 102 F.3d at 404. So allocating the burden of proof would be inappropriate in this case, which was not removed, but rather filed originally in federal court. See Crum, 231 F.3d 1129, 1131 (applying legal certainty test); Gaus v. Miles, Inc., 980 F.2d 565, 566 (9th Cir. 1992) (noting that "[i]n diversity cases, where the amount in controversy is in doubt, the Supreme Court has drawn a sharp distinction between original and removal jurisdiction").

1 IMMC states in its prayer for relief that it seeks "general damages
2 in a sum in excess of $1,000,000 from each Defendant." (Complaint
3 at 15 (#1).) Diaz, however, challenges whether this sum is claimed
4 in good faith: "IMMC's assertion that the amount in controversy
5 exceeds $75,000.00, much less $1 million, is ludicrous and was made
6 in bad faith." (Motion at 4 (#20).)

7 Diaz has presented no evidence in support of her claim of bad
8 faith. Nor does it appear from the face of IMMC's complaint that
9 the claim is made in bad faith. Diaz concedes that she would have
10 no right to do the things she is alleged to have attempted to do
11 (such as sell the mining claims to third parties). (Id.) She
12 asserts on that basis that she "could not . . . have been the cause
13 of anything but very nominal damages, if any at all." (Id.) We do
14 not see why this would necessarily be the case: the Complaint
15 alleges that the defendants, including Diaz, interfered with IMMC's
16 contractual rights by giving third parties the impression that the
17 defendants had the right and authority to sell or otherwise alienate
18 or encumber the mining claims. (Complaint ¶ 13 (#1).) On this
19 basis, the third parties could well conclude there are at least
20 questions about IMMC's rights to the mining claims and thereby
21 refrain from doing business with IMMC with regard to the mining
22 claims. It is plausible that IMMC could be substantially damaged
23 thereby. Thus, we cannot conclude from the face of the Complaint
24 that the claims are made in bad faith.

25 Further, even if we were to find that Plaintiff's claim for
26 damages does not control in this case, the Complaint alleges (and
27 Diaz has not disputed) that IMMC has been paying $3000 per month

28

6

since December 2004 for the exclusive option to purchase the mining claims, as well as the agreement of the defendants to refrain from certain actions, including attempts to sell or otherwise alienate or encumber the mining claims except in accordance with the agreement with IMMC. (Complaint ¶¶ 12-14 (#1).)  The Complaint alleges that IMMC has not obtained the benefit of its bargain as a result of the actions of the defendants, including Diaz. (Id. at ¶ 13, 15.)  Even if IMMC suffered no damages other than the fruitless payment of $3,000 per month since December 2004, the total payments made as of the filing of the Complaint on January 16, 2008, substantially exceed the jurisdictional amount of $75,000.

We conclude that IMMC has met its burden of demonstrating that it does not appear to a legal certainty that the amount in controversy is less than the jurisdictional amount. As such, we have subject matter jurisdiction over this case, and Diaz's motion will be denied in that respect.

### III. Failure to Plead Fraud with Particularity

A. Standard

Federal Rule of Civil Procedure 9(b) provides: "In alleging fraud . . . a party must state with particularity the circumstances constituting fraud . . . ."  Rule 9(b) imposes this heightened pleading requirement so that the fraud-action defendant "can prepare an adequate answer from the allegations." Odom v. Microsoft Corp., 486 F.3d 541, 553 (9th Cir. 2007) (internal quotation marks omitted).  Applying this particularity requirement, the Ninth Circuit has held that a plaintiff must plead "times, dates, places"

7

and other details. E.g., Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). "How much additional specificity is required depends on the nature of the individual case." Arroyo v. Wheat, 591 F. Supp. 141, 144 (D. Nev. 1984).

B. Analysis

Diaz asserts that IMMC has failed to plead fraud with the particularity required under Rule 9(b). An examination of IMMC's complaint reveals that Diaz is correct. For the most part, IMMC makes allegations against "Defendants," rather than any particular one of the defendants. No "times, dates, places," or other details of the alleged fraud are alleged. See Semegen, 780 F.2d at 731. It is alleged that "Defendants knowingly and deceptively schemed and planned, on at least two (2) separate occasions, and were prepared to and did, in fact, make whatever representations were necessary to induce third parties to make offers and enter into at least one written agreement to acquire interests in the Property . . . ." (Complaint ¶ 19 (#1).) No details are alleged, however, regarding the content of alleged misrepresentations, who the third parties might be, the time, date, or place of the "two (2) separate occasions," and so on.

IMMC argues that the relaxed standard of pleading that applies when facts relevant to the fraud claims are peculiarly within the defendant's knowledge should be applied here. (P.'s Opp. at 10 (#21).) It is apparent from IMMC's opposition, however, that there are a number of relevant facts that were not peculiarly within defendants' knowledge and yet were not pleaded. (Id. at 11-12.) Thus, even if some facts in this case may be peculiarly within the

8

defendants' knowledge, IMMC needs to plead with a great deal more particularity than it did.

We conclude that insofar as the Complaint (#1) alleges fraud, it does not comply with the particularity requirements of Rule 9(b). There is no reason to believe, however, that IMMC could not plead fraud with particularity, given leave to amend. See United States ex rel. Lee v. SmithKline Beecham, Inc., 245 F.3d 1048, 1052 (9th Cir. 2001) (noting that leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts). Moreover, not all of IMMC's claims for relief are grounded in fraud. IMMC's first claim for relief, for example, is for breach of contract, which falls under the notice pleading requirements of Rule 8(a). Thus, leave to amend should be granted, and even if an amended complaint is not filed, the case would proceed on IMMC's claims for relief that are not grounded in fraud.

## IV. Conclusion

We have diversity jurisdiction over this case because the parties' citizenship is completely diverse and the amount in controversy exceeds $75,000. IMMC has, however, failed to plead its allegations of fraud with the degree of particularity required under Rule 9(b). Thus, IMMC must either amend its complaint with regard to its claims for relief that are grounded in fraud, or proceed without amendment on its other claims for relief that fall under the notice pleading standard of Rule 8(a).

9

1    **IT IS, THEREFORE, HEREBY ORDERED THAT** Plaintiff's Motion to
2 Dismiss (#20) is **GRANTED IN PART and DENIED IN PART** as follows:
3    Insofar as Diaz seeks dismissal pursuant to Fed. R. Civ. P.
4 12(b)(1) for lack of subject matter jurisdiction, the motion is
5 **DENIED**.
6    Insofar as Diaz seeks dismissal of IMMC's complaint for failure
7 to plead claims grounded in fraud with particularity pursuant to
8 Fed. R. Civ. P. 9(b), the motion is **GRANTED**.  Plaintiff shall have
9 twenty (20) days from the date of entry of this Order within which
10 to file an amended complaint.  If no amended complaint is filed
11 within that period, IMMC's claims for relief that are grounded in
12 fraud will be dismissed, and the case will proceed on IMMC's
13 remaining claims.
14    Diaz's request for sanctions against IMMC is **DENIED**.

17 DATED: July 15, 2009.

*Edward C. Reed.*
UNITED STATES DISTRICT JUDGE

10